RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 13 2013

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEN JOSEPH )
 )
    Plaintiff )
-v- ) CASE# 1 13-CV-4123 JEC
ARS NATIONAL SERVICES, INC )
JOHN DOE 1-10 )
 )
    Defendant(s) )
 )

## COMPLAINT

Plaintiff, KEN JOSEPH (herein after "Ken") individually, hereby sues Defendant(s), ARS NATIONAL SERVICES, INC(herein after "ARS") and JOHN DOE 1-10 for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii) and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C § 1692.

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii) and the Fair Debt Collection Practices Act (FDCPA) Sec. 15 U.S.C § 1692.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that the Defendant have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION and VENUE

4. This court have jurisdiction under 47 U.S.C. §227, the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

5. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6. This is an action for damages which does not exceed $15,000.00.

## PARTIES

7. The Plaintiff in this lawsuit is KEN JOSEPH, a natural person who resides in Gwinnett County, Georgia.

8. Upon information and belief Defendant, ARS NATIONAL SERVICES, INC. ("ARS") is an unknown entity with offices at 270 W. 2nd Ave., Escondido, CA, 92025.

## FACTUAL ALLEGATIONS

9. On or about March 21, 2012 Plaintiff, Ken receive an initial communication about an outstanding debt from Defendant ARS in which the disclosure required pursuant to 15 USC §1692 g(a)(4) and 1692 §1692 g(a)(5) was provided .

10. Plaintiff sent the Defendant a timely validation letter on March 27, 2012 pursuant to the FDCPA 15 USC 1692g via Certified mail.

11. On or about August 9, 2012 Plaintiff receive another notice from ARS without validating the alleged debt.

12. On or about August 14, 2012, Plaintiff replied via Certified mail explaining that a previous validation that was requested was unresponsive.

13. The certified mail specifically stated that no telephone calls should be made to Plaintiff and communication must be done by mail or I will have no choice but to file a lawsuit for violation of the FDCPA.

14. Defendant, ARS ignore Plaintiff's request and made several attempt to collect an alleged but non-existing debt by U.S. mail and phone calls.

14. Defendant, ARS placed six (6) separate phone calls to Plaintiff's phone harassing him about a non-existing debt.

15. Defendant ARS placed three (3) robo calls to Plaintiff's home phone.

16. Plaintiff has never had any business relationship with ARS.

17. Ken has no "alleged account" which ARS could claim ownership of.

## COUNT I
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT (TCPA)47 U.S.C. §227

18. Plaintiff alleges and incorporates the information in paragraphs 1 through 17.

19. Defendant, ARS has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

20. Defendant, ARS has committed sic (6) separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $500 per violation pursuant to 47 U.S.C. §227(b)(3)(A)(B)(C).

21. Defendant, ARS has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given ARS permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

22. Defendant ARS used ATDS equipment as defined by 47 USC 227(a)(1)(A)(B), while blocking Caller ID, placed numerous calls to Plaintiff's home telephone without prior express consent.

23. Defendant ARS, used an automatic telephone dialing system while blocking the caller ID, violate the statute:

   a. 47 USC 227(b)(A), to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice.

   1.(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

   b. 47 USC 227(b)(B), to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted y rule or order by the commission under paragraph (2)(B).

24. Defendant, ARS knew or should have known that he was in violation of the TCPA when placing the phone calls because Plaintiff had instructed ARS to only communicate with him in writing only.

25. Defendant, ARS has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by continuing to call Plaintiff even after receiving Plaintiff's letter asking not to communicate by phone.

**WHEREFORE,** Plaintiff demands judgment for damages against ARS for $500.00 for the first call and $1,500 per each additional call actual or statutory damages, and punitive damages, attorney's fees and costs.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 USC § 1692

26. Plaintiff alleges and incorporates the information in paragraphs 1 through 17.

27. Defendant continued collection activities even after receiving notice of dispute and validation and failed to provide written validation of debt before resuming collection activities.

28. Defendant, ARS refuse to respond to Plaintiff's demand for validation, instead continued to harass him with numerous collection calls repeatedly in violation of FDCPA, 15 USC §1692d and 15 USC §1692d(5).

29. As a direct result of Defendant's action described in count I Plaintiff has suffered harassment, disruption of work flow and emotional distress pursuant to 15 USC §1692 g(b) and 15 USC §1692k(a)(1)

**WHEREFORE,** Plaintiff, Ken prays for actual damages, statutory damages, and any attorney's fees and cost against Defendant ARS pursuant to 15 USC §1692 et seq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: 12-12-13

Respectfully submitted,

Ken Joseph
596 Middleton Place
Grayson, GA 30017
Phone: 443-831-8884
Email: sem252525@aol.com

Service to:
ARS NATIONAL SERVICES INC.
201 W. Grand Ave.
Escondido CA 92025
CORPORATION SERVICE COMPANY
40 TECHNOLOGY PARKWAY SOUTH, SUITE 300
Norcross GA 30092

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was sent by first class mail USPS to counsel of record listed below for Defendants.

CORPORATION SERVICE COMPANY
40 TECHNOLOGY PARKWAY SOUTH, SUITE 300
Norcross GA 30092

Dated: December 12, 2013

*[signature]*

Ken Joseph
596 Middleton Place
Grayson, GA 30017
Phone: 443-831-8884
Email: sem252525@aol.com

## VERIFICATION

I, Ken Joseph, have read the foregoing complaint and examined any appendices referenced therein. The facts stated in the complaint are true. The appendices are true and fair copies of the recited instruments.

_____     12-12-13
Ken Joseph                          date signed

The above named Affiant appeared before me, a Notary, subscribed, sworn

under oath this ___12___ day of DECEMBER 2013.

_____
Notary

My commission expires: 07·04·2017 ·          seal

R. McInnis
NOTARY PUBLIC
Gwinnett County, GEORGIA
My Comm. Expires
07/04/2017