FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 17 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEN JOSEPH, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) Case #1:13-cv-04123-JEC |
| ARS NATIONAL SERVICES, INC., | ) ) ) |
| *Defendant,* | ) ) |

## OBJECTION TO MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

COME NOW Plaintiff, Ken Joseph ("Plaintiff"), to file in this court of record pursuant to Fed.R.Civ.P. Rule 72; LR72.1, NDGa., Fed.R.Civ.P. 6(d), his OBJECTION TO MAGISTRATE'S FINAL REPORT AND RECOMMENDATION pursuant to the following facts and reasons:

### FACTUAL ALLEGATION

1. ON DECEMBER, 13, 2013 Plaintiff Ken Joseph ("Joseph"), Proceeding pro se, filed a civil action against defendants ARS National Services, Inc. ("ARS") and "John Doe 1-10," alleging violations of the Fair Debt Collection Practices Act ("FDPCA"), 15 U.S.C § 1692 et seq., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227.

1

2. Plaintiff, Joseph was granted leave to proceed *in forma pauperis.*

3. The Magistrate Judge concluded that the nature of the allegations in Joseph's complaint was conclusory and failed to adequately state a claim that was plausible on its face.

4. The court ordered Joseph to file an amended complaint, addressing the deficiencies noted in the Order, and complying with the Federal Rules of Civil Procedures.

5. Joseph's Amended complaint is back before the Court for frivolity determination pursuant to 28 U.S.C. § 1915(e)(2).

6. The Magistrate Judge recommended that Joseph's amended complaint be DISMISSED WITHOUT PREJUDICE.

7. However, Joseph disagrees with the Magistrate Judge's recommendation partially.

## Discussion

8. The Magistrate Judge stated that: "Pursuant to Fed. R. Civ P. 41(b), a district court may *sua sponte* dismiss a Plaintiff's action for failure to comply with the rules or any order of the court." And "Joseph has failed to heed the Court's order to cure the deficiencies of his original complaint, and his amended complaint still fails to state a plausible claim.

2

9. Joseph disagrees with the magistrate's order that the Plaintiff's fail to comply with the rules of the court.

10. Joseph did may not have responded in a skillful manner, such as the way a BAR member attorney would but the rules of the court was not ignored in any way. *Conley v. Gibson*, 355 U.S. 41 at 48 (1957) *"Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."* The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice.; *Davis v. Wechler, 263 U.S. 22, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449 "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice."*

### *FDCPA*

11. On page 7 of the Order, The Magistrate Judge stated that "In its January 14 Order, the Court found that Joseph failed to state a plausible claim under the FDCPA because he had not sufficiently alleged that ARS is a debt collector

3

as defined under the Act." However, paragraph 9 on page 3 on the plaintiff's complaint states: "ARS uses instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or assessed to be owed or due another"

12. Plaintiff clearly alleged that ARS is a debt collector as suggested in the January 14th order from the court. Pro se pleadings generally are held to less stringent standards than those applied to members of the Bar. See Brandon v. Dist. of Columbia Bd. of Parole, 734 F.2d 56, 62 (D.C. Cir. 1984), cert, denied, 469 U.S. 1127 (1985); Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983); Bayron v. Trudeau, 702 F.2d 43, 45 (2d Cir. 1983).

13. Plaintiff understands when his right as a consumer has been violated under the FDPCA. He also understands that ARS is a debt collector under the statute. "... the right to file a lawsuit pro-se is one of the most important rights under the constitution and laws." *Elmore v. McCammon* (1986) 640 F. Supp. 905.

14. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania R. Co.,* 151 Fed 2nd 240; *Pucket v. Cox,* 456 2nd 233 Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to

4

be held to the same high standards of perfection as lawyers

## *TCPA*

### *Residential Telephone Calls*

15. Pertaining to the residential telephone calls, Plaintiff agrees with the court decision.

### *Cellular Telephone calls*

16. To prevail on a claim under the TCPA for calls made to a cellular phone, Joseph must show that (1) ARS made the calls to a cellular telephone number, (2) by using an ATDS or artificial or prerecorded voice, (3) without his prior consent. 47 U.S.C. § 227(b)(1)(A)(iii).

17. Plaintiff, in his amended complaint under his factual allegation section alleged that the Defendant recently renewed it "Automatic Dial Announcing Devices" in December 6, 2013.

18. The Magistrate Judge asserts that: Joseph suggest that ARS possesses an ATDS or uses one in a general sense, but they have no bearing on whether ARS actually used an ATDS to call Joseph on the occasions in question. At most, these allegations permit the Court to infer the "mere possibility of misconduct," which is insufficient to state a plausible claim to relief.

19. It is sufficient to allege that the call had characteristics of an autodialed

call, such as a delay prior to a live person coming on the line. *Connelly v. Hilton Grand Vacations Co.*, 12CV599 JLS (KSC), 2012 U.S. Dist. LEXIS 81332, *13 (S.D.Cal., June 11, 2012).

20. Discovery from telecommunication companies and other non-parties may be necessary due to the technical nature of automatic dialing systems, fax broadcasting, and sending text messages. *Kaffko v. Quepasa Corp.*, 2012 WL 4442654 (D. Nev. Sept. 22, 2011)

21. Plaintiff allegation that ARS have ATD equipments should be sufficient because the statute only require that the debt collector have ATDS capable equipment.

22. The FCC has determined that "a sender should have the obligation to demonstrate that it complied with the rules, including that it had the recipient's prior express invitation or permission." *In re: Rules and Regulations Implementing The Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278; CG Docket No. 05-338, FCC Release 06-42, 21 FCC Rcd3787, at 3812, 2006 FCC LEXIS 1713; 38 Comm. Reg. (P & F) 167 (April 6, 2006). The FCC has consistently adhered to this position. *Virtual Auto Loans,* EB-09-TC-230, 2009 FCC LEXIS 4342

(March 9, 2009); *New York Security and Private Patrol, Inc.*, EB-09-TC-231, 2009 FCC LEXIS 4343 (March 9, 2009).

23. Courts have also followed this rule and placed the burden of proof on the sender of the communication. *Gutierrez v. Barclays Group*, 10cv1012 DMS (BGS), 2011 U.S. Dist. LEXIS 12546, 2011 WL 579238, at *2 (S.D. Cal.Feb. 9, 2011); *Van Sweden Jewelers, Inc. v.101 VT, Inc.*, 1:10-cv-253, 2012 U.S. Dist. LEXIS 85663 (W.D.Mich., June 21, 2012); *Green v.*

24. Discovery from telecommunication companies and other non-parties may be necessary due to the technical nature of automatic dialing systems, fax broadcasting, and sending text messages. Kaffko v. Quepasa Corp., 2012 WL 4442654 (D. Nev. Sept. 22, 2011) (denying non-party's motion to quash production of records related to text messages).

25. The Ninth Circuit holds that the dispositive question is not whether a particular call was placed through random or sequential generation of telephone numbers but whether the system has the capacity to generate numbers in this way. Meyer v. Portfolio Recovery Assocs., L.L.C., _F.3d_ 2012 WL 4840814 (9th Cir. Oct. 12, 2012); Satterfield v. Simon & Schuster, 569 F.3d 946 (9th Cir. 2009) (reversing grant of summary judgment to advertiser; fact question whether system had capacity to generate

random or sequential numbers).

## CONCLUSION

26. The plain language of the 47 U.S.C § 227(b)(1)(A) makes clear a violation of the TCPA occurs when an autodialed call is made to cell phone without the prior express consent of the called party. (2008 TCPA order, ¶ 9; see also 47 C.F.R. 64.1200.) In short, the elements that must be established to pro a prima facie violation of the cell phone provisions of the TCPA are:

    (1) A call to a cell (wireless) phone by either

        (a) Using an "automatic telephone dialing system," and/or

        (b) Leaving an artificial or pre-recorded message

    (2) Where the call is made without the prior express consent of the recipient, and

    (3) Where the recipient is charged for the call.

27. All of the above elements which are required can and will be proven if Plaintiff allowed due process by the court.

28. If the case is allowed to continue, plaintiff through discovery would be able to show that ARS used an ATD capable equipment while placing calls to Joseph's cellular phone.

29. It is well established that that the equipment must only have the ATDS

8

capability in order to commit violations under the TCPA.

30. The issue in question is not whether Plaintiff properly alleged that ARS possess ATDS capable equipment but rather ARS used it on the specified calls to Joseph's cell phone.

31. Joseph Also alleges his "cell phone was registered with the national do not call list at the time the calls were placed and that ARS "failed to maintain a record of his previous request to be placed on a do-not-call list, and failed to honor his previous do-not-call list request,"

32. The Court argues that Joseph does not allege that ARS made any calls to his cellular phone in attempt to encourage him to make a purchase or investment, or otherwise to solicit business of any kind. Instead, he asserts that the calls were" attempt to collect an alleged debt.

33. The Court further asserts that TCPA's Do-not-call provisions apply only to "telephone solicitations". However, ARS have not proved that they had a legitimate debt to collect. Until that is proven, ARS is considered to be a solicitor and was indeed trying to sell something to me.

   **Wherefore**, the Defendant prays that the District Court review the "ORDERS" of the Magistrate and Plaintiff's filings and find Plaintiff's complaint is sufficient to proceed with the case.

Dated: 3-11-14

Respectfully submitted,

/s/ Ken Joseph

Ken Joseph
596 Middleton Place
Grayson, GA 30017
Phone: 443-831-8884
Email: sem252525@aol.com

Service to:
ARS NATIONAL SERVICES INC.
201 W. Grand Ave.
Escondido CA 92025
c/o CORPORATION SERVICE COMPANY
40 TECHNOLOGY PARKWAY SOUTH, SUITE 300
Norcross GA 30092

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was sent by first class mail USPS to counsel of record listed below for Defendants.

ARS NATIONAL SERVICES INC.
c/o CORPORATION SERVICE COMPANY
40 TECHNOLOGY PARKWAY SOUTH, SUITE 300
Norcross GA 30092

Dated: March 11, 2014

*/s/ Ken Joseph*

Ken Joseph
596 Middleton Place
Grayson, GA 30017
Phone: 443-831-8884
Email: sem252525@aol.com

I additionally certify that the above-reference document has been prepared in Time New Roman (14 point) font and this satisfied the font size requirements of this Court.